UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE ARMANDO FUENTES, *Individually and as Special Administrator of the Estate of MARY FUENTES, Deceased,* <br><br> Plaintiff, <br><br> v. <br><br> JOEL JACKSON, JA JACKSON ENTERPRISES, INC., FALCON TRANSPORTATION, LLC, BLUE DIAMOND TRANSPORTATION, LLC, and PINE STATE CARRIERS, INC., <br><br> Defendants. <br><br> v. <br><br> IGNATIUS GREY <br><br> Third Party Defendant. | Case No. 3:24-cv-00586-GCS |

### ORDER

Now before the Court is a Motion for Settlement by Plaintiff Jose Armando Fuentes, Individually, and as Special Administrator of the Estate of Mary Fuentes, who filed this case seeking damages for bodily injury and wrongful death sustained from a June 20, 2023, vehicular collision. (Doc. 106). For the reasons stated below, the Court **GRANTS** the Motion for Settlement. (Doc. 106).

#### PROCEDURAL BACKGROUND

On February 28, 2024, Plaintiff Fuentes filed the instant case against Defendants Joel Jackson, JA Jackson Enterprises, Inc., Falcon Transportation, LLC, Blue Diamond

Transportation, LLC, and Pine State Carriers, Inc. (Doc. 1). On May 6, 2024, Plaintiff Frances Grey filed a separate cause of action against Defendants seeking damages for bodily injury arising from the same collision. (Doc. 49, p. 2). The Court consolidated the cases on August 19, 2024. (Doc. 72). On May 23, 2024, Defendants Pine State Carriers, Inc., Falcon Transportation, LLC, and Blue Diamond Transportation, LLC, filed a Third-Party Complaint against Third Party Defendant Ignatius Grey. (Doc. 35). On August 5, 2024, Defendant Joel Jackson also filed a Third-Party Complaint against Third Party Defendant Ignatius Grey. (Doc. 64).

On May 14, 2025, Plaintiff Fuentes filed the Motion for Settlement. (Doc. 106). Defendants Joel Jackson, JA Jackson Enterprises, Inc., Falcon Transportation, LLC, Blue Diamond Transportation, LLC, and Pine State Carriers, Inc., Plaintiff Frances Grey, and Third-Party Defendant Ignatius Grey have filed responses stating that they have no objections to the motion. (Doc. 107, 108, 110). Accordingly, the Court now considers whether approval of the settlement is appropriate under Illinois law.

## LEGAL STANDARDS

The Joint Tortfeasor Contribution Act ("The Act"), 740 ILL. COMP. STAT. § 100/2(a) *et seq.*, governs the Court's approval of the instant settlement. The Act creates a statutory right of contribution "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death . . . ." 740 ILL. COMP. STAT. § 100/2(a). The right of contribution "exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." 740 ILL. COMP. STAT. § 100/2(b).

The tortfeasor who settles in good faith with a claimant is discharged from all liability for any contribution to any other tortfeasor. 740 ILL. COMP. STAT. § 100/2(c), (d). "The 'good faith' of a settlement is the only limitation which the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003). The Illinois Supreme Court has held that a settlement is not in good faith if: (1) the settling parties engaged in wrongful conduct, collusion, or fraud; or (2) the settlement conflicts with the terms of the Act or is inconsistent with the policies underlying the Act. *Id.* at 821.

## DISCUSSION

Having reviewed and considered Plaintiff Fuentes' unopposed Motion for Settlement, the terms of the settlement, and the accompanying affidavits, the Court finds that the settlement is in good faith as required by the Joint Tortfeasor Contribution Act, 740 ILL. COMP. STAT. § 100/2(a) *et seq.* Accordingly, the Court:

1. **FINDS** that Plaintiff's claims for wrongful death were brought within two (2) years of the decedent's death.

2. **APPROVES** the settlement of Plaintiff Fuentes' claims for all damages, claims, or losses suffered by Plaintiffs, with regard to Defendants and Ignatius Grey, as a result of Mary Fuentes's death for the total consideration of the sums outlined in Plaintiff's Motion for Approval of Settlement. (Doc. 106)

3. **FINDS** that Plaintiff Jose Armando Fuentes, Individually, and as Special Administrator of the Estate of Mary Fuentes, is authorized to settle this lawsuit with the Defendants.

4. **FINDS** that the payment herein constitutes payment for punitive damages or aggravating circumstances damages.

5. **APPROVES** the terms and conditions of the settlements as described in Plaintiff Jose Armando Fuentes's Motion for Approval of Settlement and finds that the total settlement is fair and reasonable and in the best interest of the minors and the parties herein.

6. **APPROVES** the attorneys' fees and expenses to be paid to The Davis Injury Law Firm, LLC in Plaintiff's Petition for Approval of Wrongful Death Settlements. The Court finds that the attorneys' fees and expenses as indicated therein are fair, reasonable, and appropriate for this case.

7. **ORDERS** that on the wrongful death claim of Mary Fuentes, the net proceeds, after deduction of attorneys' fees and expenses shall be allocated and distributed as indicated in Plaintiff Jose Armando Fuentes's Petition for Approval of Wrongful Death Settlement.

8. **FINDS** that the amount and allocation of the wrongful death settlement for the death of Mary Fuentes with Defendants is fair and reasonable and is hereby approved.

9. **ORDERS** Plaintiff, Jose Armando Fuentes, to collect and receive the settlement proceeds outlined herein, deduct and pay The Davis Injury Law Firm, LLC for attorneys' fees and costs and distribute the net proceeds payable at settlement as ordered by the Court.

10. **ORDERS** Plaintiff, Jose Armando Fuentes, to file a dismissal of this matter with prejudice with each party to bear its own costs after satisfaction of the wrongful death settlement with Defendants.

**IT IS SO ORDERED.**

**DATED: May 16, 2025.**

Digitally signed by Judge Sison
Date: 2025.05.16 13:19:53 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**